UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, an Illinois Corporation,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN DEE PETERSEN; SHALEE HASS; JADEN HASS; BRADY FOSMARK; and A.D.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO SERVE BY ALTERNATIVE MEANS** **(DOC. NO. 45)**<br><br>Case No. 1:25-cv-00154<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

In this action, State Farm Fire and Casualty Company seeks a declaratory judgment as to whether it has a duty to defend or indemnify various lawsuits filed against Kevin Petersen, including one filed by A.D.[1]  State Farm has moved for leave to serve A.D. by mailing the complaint and summons to her last known address, and by emailing and mailing them to her counsel in her underlying lawsuit.[2]  Because State Farm has shown A.D. cannot be located despite diligent efforts, and its proposed methods of service are reasonably calculated to apprise A.D. of the action, the motion is granted.

---

[1] (Second Am. Compl. ¶ 10, Doc. No. 39; Ex. E to Second Am. Compl., Compl. in *A.D. v. Petersen, et al.*, Civ. No. 260700493 (A.D. Compl.), Doc. No. 39-5.)

[2] (Mot. for Leave for Alternative Serv. on Def. A.D. (Mot.), Doc. No. 45.)

<u>LEGAL STANDARDS</u>

Because State Farm filed this action in the District of Utah, Utah law applies.[3] Under the Utah Rules of Civil Procedure, an individual may be served by "delivering a copy of the summons and complaint to the individual personally, or by leaving them at the individual's dwelling house or usual place of abode with a person of suitable age and discretion who resides there."[4]  But "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means."[5]  The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the party."[6]  The method of service must be "reasonably calculated, under all the circumstances, to apprise the named parties of the action."[7]

<u>ANALYSIS</u>

State Farm has shown diligent efforts to locate and serve A.D., and its proposed methods of service are reasonably calculated to apprise A.D. of this action.  In April

---

[3] *See* Fed. R. Civ. P. 4(e)(1) (providing that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").

[4] Utah R. Civ. P. 4(d)(1)(A).

[5] Utah R. Civ. P. 4(d)(5)(A).

[6] *Id.*

[7] Utah R. Civ. P. 4(d)(5)(B).

2026, A.D. filed a lawsuit against Mr. Petersen in state court.[8]  Mark Carlson and Dallin Denton, of Carlson Injury Law, represent A.D. in that case.[9]  In May 2026, State Farm contacted Mr. Carlson and Mr. Denton about accepting service for A.D., but they declined.[10]  State Farm then hired a process server who found an address and tried to serve A.D. without success.[11]  Before leaving the property, the process server spoke to the couple who rented the apartment to A.D.[12]  They told the process server A.D. moved out several months before and they had no forwarding address.[13]

State Farm now proposes serving A.D. by (1) emailing the documents to Mr. Carlson at mark.carlson@carlsoninjuryfirm.com, Mr. Denton at dallin@carlsoninjuryfirm.com, and Amy Ronnenkamp (believed to be the firm's office manager) at amy@carlsoninjuryfirm.com, (2) mailing them to Mr. Carlson and Mr. Denton at the firm's physical address, and (3) mailing them to the address the process server identified for A.D.[14]  A.D.'s state court complaint lists those same email and work

---

[8] (Ex. E to Second Am. Compl., A.D. Compl., Doc. No. 39-5.)

[9] (*Id.* at 2.)  Because the exhibits relevant to this order do not include page numbers, references are to the CM/ECF pagination.

[10] (Exs. A–D to Mot., Email Correspondence, Doc. Nos. 45-1–45-4.)

[11] (Ex. E to Mot., Invoice & Return of Non-Serv., Doc. No. 45-5 at 3.)

[12] (*Id.*)

[13] (*Id.*)

[14] (Mot. 3, 5, Doc. No. 45.)

addresses for A.D.'s counsel.[15]  Under the circumstances, the proposed methods of service are reasonably calculated to provide A.D. with actual notice of this action—particularly where Mr. Carlson and Mr. Denton currently represent A.D. in litigation directly related to and underlying this action.[16]

<u>CONCLUSION</u>

Because State Farm has diligently tried to serve A.D., and its proposed methods of service (in combination) are reasonably calculated to apprise A.D. of this action, the motion for alternative service[17] is granted.  The court orders as follows:

1.  State Farm may serve A.D. by doing each of the following:

    a.  mailing a summons, the operative complaint, and a copy of this order by certified mail to Mark Carlson and Dallin Denton at Carlson Injury Law at 2019 West 1900 South, Suite 100, Syracuse, UT 84075;

---

[15] (Ex. E to Second Am. Compl., A.D. Compl., Doc. No. 39-5.)  According to Carlson Injury Law's website, 2019 West 1900 South, Suite 100, Syracuse, UT 84075, is the firm's location and amy@carlsoninjuryfirm.com as the firm's contact.  *See* Carlson Injury Law, https://carlsoninjuryfirm.com/about/ [https://perma.cc/8PV5-PQ7M] (last visited June 16, 2026).

[16] *Cf., e.g., Dish Techs. L.L.C. v. Aylo Freesites Ltd.*, No. 2:24-cv-00066, 2024 U.S. Dist. LEXIS 93642, at *5 (D. Utah May 24, 2024) (unpublished) (finding service by certified mail and email to the defendants' counsel was reasonably calculated where counsel represented the defendants in related litigation); *see also Weber v. Colliers Int'l Grp., Inc.*, No. 2:25-cv-00162, 2026 U.S. Dist. LEXIS 106267, at *10 (D. Utah May 13, 2026) (unpublished) (explaining that email service upon attorneys known to represent an unserved defendant in a related litigation is an adequate alternative method of service).

[17] (Doc. No. 45.)

b. mailing the same documents to A.D. at the address identified by the process server in Exhibit E to State Farm's motion; and

c. emailing the same documents to Mr. Carlson at mark.carlson@carlsoninjuryfirm.com, Mr. Denton at dallin@carlsoninjuryfirm.com, and Ms. Ronnenkamp at amy@carlsoninjuryfirm.com three times per week for two consecutive weeks, not more often than once every other day (unless a reply is received acknowledging receipt).

2. Service will be deemed complete upon completion of the steps set forth above.  State Farm must then file proof of compliance with this order.

DATED this 18th day of June, 2026.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge